1  KAREN P. HEWITT
   United States Attorney
2  JOSEPH J.M. ORABONA
   Assistant United States Attorney
3  California State Bar No. 223317
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101
   Telephone: (619) 557-7736
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA



8

9                        UNITED STATES DISTRICT COURT

10                      SOUTHERN DISTRICT OF CALIFORNIA         07CR2886-L

11  UNITED STATES OF AMERICA,        )   Magistrate Case No. 07MJ2359
                                     )
12                  Plaintiff,       )
                                     )   **STIPULATION OF FACT AND JOINT**
13         v.                        )   **MOTION FOR RELEASE OF**
                                     )   **MATERIAL WITNESS(ES) AND**
14  STEVEN SALAS,                    )   **ORDER THEREON**
                                     )
15                  Defendant.       )
    _____)   **(Pre-Indictment Fast-Track Program)**
16

17         **IT IS HEREBY STIPULATED AND AGREED** between the plaintiff, UNITED STATES

18  OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph

19  J.M. Orabona, Assistant United States Attorney, and defendant STEVEN SALAS, by and through

20  and with the advice and consent of defense counsel, Erick Guzman, Federal Defenders of San Diego,

21  Inc., that:

22         1.     Defendant agrees to execute this stipulation on or before the first preliminary hearing

23  date and to participate in a full and complete inquiry by the Court into whether defendant knowingly,

24  intelligently and voluntarily entered into it. Defendant agrees further to waive indictment and plead

25  guilty to the pre-indictment information charging defendant with a non-mandatory minimum count

26  of Bringing in Aliens Without Presentation and Aiding and Abetting, in violation of 8 U.S.C.

27  § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2.

28  JJO:jam:10/5/07

1  2.  Defendant acknowledges receipt of a plea agreement in this case and agrees to provide the signed, original plea agreement to the Government not later than five business days before the disposition date set by the Court.

3.  Defendant agrees to plead guilty to the charge pursuant to the plea agreement on or before **November 2, 2007.**

4.  The material witness, Maria Teresa Guevada-Posadas, in this case:

   a.  Is an alien with no lawful right to enter or remain in the United States;

   b.  Entered or attempted to enter the United States illegally on or about October 2, 2007;

   c.  Was found in a vehicle driven by defendant at the San Ysidro, California Port of Entry (POE) and that defendant knew or acted in reckless disregard of the fact that she was an alien with no lawful right to enter or remain in the United States;

   d.  Was having others pay on her behalf $2,500 to others to be brought into the United States illegally and/or transported illegally to her destination therein; and,

   e.  May be released and remanded immediately to the Department of Homeland Security for return to her country of origin.

5.  After the material witnesses are ordered released by the Court pursuant to this stipulation and joint motion, if defendant does not plead guilty to the charge set forth above, for any reason, or thereafter withdraws his guilty plea to that charge, defendant agrees that in any proceeding, including, but not limited to, motion hearings, trial, sentencing, appeal or collateral attack, that:

   a.  The stipulated facts set forth in paragraph 4 above shall be admitted as substantive evidence;

   b.  The United States may elicit hearsay testimony from arresting agents regarding any statements made by the material witness(es) provided in discovery, and such testimony shall be admitted as substantive evidence under Fed. R. Evid. 804(b)(3) as statements against interest of (an) unavailable witness(es); and,

//

c. Understanding that under Crawford v. Washington, 124 S. Ct. 1354 (2004), "testimonial" hearsay statements are not admissible against a defendant unless defendant confronted and cross-examined the witness(es) who made the "testimonial" hearsay statements, defendant waives the right to confront and cross-examine the material witness(es) in this case.

6. By signing this stipulation and joint motion, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant certifies further that defendant has discussed the terms of this stipulation and joint motion with defense counsel and fully understands its meaning and effect.

Based on the foregoing, the parties jointly move the stipulation into evidence and for the immediate release and remand of the above-named material witness(es) to the Department of Homeland Security for return to her country of origin.

It is STIPULATED AND AGREED this date.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

Dated: 10/18/07

JOSEPH J.M. ORABONA
Assistant United States Attorney

Dated: 10/10/7

ERICK GUZMAN
Defense Counsel for Steven Salas

Dated: 10/10/7

STEVEN SALAS
Defendant

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Steven Salas                    3                                07MJ2359

# ORDER

Upon joint application and motion of the parties, and for good cause shown,

**THE STIPULATION** is admitted into evidence, and,

**IT IS ORDERED** that the above-named material witness(es) be released and remanded forthwith to the Department of Homeland Security for return to her country of origin.

**SO ORDERED.**

Dated: 10/18/2007

_____
United States Magistrate Judge

Stipulation of Fact and Joint Motion for Release of
Material Witness(es) And Order Thereon in
United States v. Steven Salas            4                                07MJ2359